IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRANCISCO VELASCO III,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN E. WHITLEY, ACTING SECRETARY, DEPARTMENT OF THE ARMY,<br><br>        Defendant. | Case No. 3:20-cv-00010-RRB<br><br>**ORDER REGARDING<br>MOTION TO DISMISS**<br>Docket 16 |

### INTRODUCTION

Plaintiff, Francisco Velasco III, alleges various acts of discrimination and harassment during his seven-month employment as a civilian Department of the Army Installation Management Specialist, including improper touching and comments by various coworkers. He filed a *pro se* Second Amended Complaint alleging Hostile Work Environment (Count I), Retaliation (Count II), Reprisal in Violation of Whistleblower Act (Count III), Violation of Privacy Act (Count IV), Disparate Impact (Count V), and Conspiracy Against Rights (Count VI).[1] In lieu of an Answer, the government filed a

---

[1] Docket 5.

Motion to Dismiss all six counts.[2] Plaintiff, who now is represented by counsel, has conceded to dismissal of Counts III, IV, V, and VI.[3] This Court accordingly considers the government's Motion to Dismiss as to Counts I and II, alleging "a hostile work environment that discriminated against him on the basis of race, color, national origin and gender," and retaliation for opposing such discrimination, both in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e *et seq*.

## FACTS

Plaintiff was employed by the U.S. Army at Fort Wainwright, Alaska, as a GS-7 Installation Management Specialist from July 2018 through February 2019. He was removed prior to the end of his probationary period.[4] Plaintiff "believed that his termination formed the basis for a Title VII claim, but he did not want to file his EEO Complaint in Alaska. Instead, he contacted the EEO Compliance and Complaints Review ["EEOCCR"] . . . director in Virginia to begin his informal complaint process."[5] On March 27, 2019, the Fort Wainwright office sent Plaintiff a Notice of Right to File a Formal Complaint of Discrimination, giving him 15 days to file a formal complaint.[6] He received the letter on April 8, 2019, mailed his formal complaint to the Virginia office the next day, and it was received on April 12, 2019.[7] The Virginia office then forwarded the formal complaint to the Fort Wainwright office, which was received on April 24, 2019.[8]

---

[2] Docket 16.
[3] Docket 19 at 2–3.
[4] Docket 5 at 3, ¶ 12.
[5] Docket 19 at 4, citing Docket 16-5 at 6.
[6] *Id.* at 5, citing Docket 16-5 at 1.
[7] *Id.* (citations omitted).
[8] *Id.*

*Velasco v. Whitley, et. al,*                                                Case No. 3:20-cv-00010-RRB
Order Regarding Motion to Dismiss                                    Page 2
Case 3:20-cv-00010-RRB    Document 21    Filed 06/02/21    Page 2 of 7

Plaintiff alleges some "confusion" between the Fort Wainwright EEO office and the office in Virginia,[9] and email correspondence in the record indicates that in March and April of 2019, Plaintiff declined to cooperate with the local office because he believed the EEOCCR in Virginia should have been processing the formal complaint.[10] Ultimately, on June 11, 2019, the Fort Wainwright office dismissed the formal complaint as untimely, concluding that it should have arrived at its office, rather than the Virginia office, within 15 days.[11] The Fort Wainwright office also made alternative findings, dismissing three specific complaints by Plaintiff for failure to state a claim.[12]

Plaintiff appealed this dismissal to the Office of Federal Operations (OFO), which ultimately agreed with Plaintiff that he had complied with the 15-day deadline.[13] The November 2019 OFO decision also concluded that the three specific claims were improperly dismissed on the merits.[14] The OFO decision remanded the matter to the Agency for "further processing" of the complaint, but also stated: "However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date you receive this decision."[15]

---

[9] *Id.*
[10] Docket 16-3 at 2. These emails reflected a perceived lack of understanding by Plaintiff that the Fort Wainwright office was part of the process. The government now alleges that the Fort Wainwright office asked "follow up questions," which Plaintiff declined to answer, but no reference was made to a lack of cooperation in the letter sent to Plaintiff by the Fort Wainwright office on May 15, 2019, and the November 6, 2019, OFO Decision makes no reference to a lack of cooperation by Plaintiff. The June 11, 2019, Agency decision is not found in the record before this Court.
[11] Docket 19 at 6, citing Docket 16-7 at 1.
[12] Docket 16-7 at 3.
[13] *Id.*
[14] *Id.*
[15] *Id.* at 6 (emphasis original).

*Velasco v. Whitley, et. al,*     Case No. 3:20-cv-00010-RRB
Order Regarding Motion to Dismiss     Page 3
Case 3:20-cv-00010-RRB    Document 21    Filed 06/02/21    Page 3 of 7

Apparently relying on this language, Plaintiff filed this lawsuit within the ninety-day window.

### DISCUSSION

The government seeks dismissal of Counts I and II, arguing that Plaintiff failed to exhaust his administrative remedies when he failed to cooperate with the EEO investigator, who "tried to contact Plaintiff many times by email and phone in order [to] interview Plaintiff" about his complaint, but "Plaintiff refused."[16] Plaintiff allegedly "repeatedly refused to cooperate [with the EEO investigation], impeded the processing and investigation of his claim, and prevented the agency from being able to come to any decision on the merits before he abandoned the administrative process entirely to pursue his claim in federal court."[17] The government argues that a plaintiff "fails to exhaust the administrative process whether he formally abandons the process, or merely fails to cooperate, because cooperation is an essential component of the administrative process."[18] Plaintiff's failure to cooperate, the government argues, is a failure to exhaust administrative remedies, requiring dismissal by this Court for lack of jurisdiction.[19]

In response, Plaintiff argues that he has "fully and completely exhausted his administrative remedies and filed his complaint based on direct instructions from the U.S. Equal Employment Opportunity Commission, Office of Federal Operations," as outlined in the facts above.[20] He takes issue with the government's argument equating "failure to

---

[16] Docket 16 at 25.
[17] *Id.* at 23.
[18] *Id.*
[19] *Id.* at 26.
[20] Docket 19 at 4, citing Defense exhibit at Docket 16-7.

*Velasco v. Whitley, et. al,*                                         Case No. 3:20-cv-00010-RRB
Order Regarding Motion to Dismiss                                 Page 4
Case 3:20-cv-00010-RRB    Document 21    Filed 06/02/21    Page 4 of 7

cooperate" with "failure to exhaust," arguing that they are not interchangeable given the facts of this case.[21]

The government replies that nothing about the facts of this case excuses Plaintiff from cooperating with the investigation as a requirement to exhaust his administrative remedies; the EEOC's reversal of the agency's finding regarding timeliness does not excuse Plaintiff's failure to exhaust upon remand; and the EEOC's boilerplate notification regarding the deadline for filing suit in federal court does not waive the requirement of exhaustion.[22]

OFO Director Haden's November 6, 2019, Decision clearly states that Plaintiff's formal complaint was timely filed.[23] Moreover, the Order describes Plaintiff's options going forward, which included a number of possible routes. First, the Agency was directed to acknowledge to the Plaintiff within 30 days that it received the remanded claims, and to provide Plaintiff with a copy of the investigative file and a notification of his rights within 150 days.[24] Guidance was included in the event that the Agency did not comply with the Commission's order, including asking the Commission to enforce the order, or filing a civil suit. "**Alternatively,** the Complainant has the right to file a civil action on the **underlying complaint** in accordance with the paragraph below . . . ."[25] The relevant "paragraph below" elaborates as follows:

> This is a decision requiring the Agency to continue its administrative processing of your complaint. However, if you

---

[21] *Id.* at 9.
[22] Docket 20.
[23] Docket 16-7.
[24] *Id.* at 4.
[25] *Id.* (emphasis added).

*Velasco v. Whitley, et. al,* Case No. 3:20-cv-00010-RRB
Order Regarding Motion to Dismiss Page 5
Case 3:20-cv-00010-RRB   Document 21   Filed 06/02/21   Page 5 of 7

wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the Agency or filed your appeal with the Commission. . . . **Filing a civil action will terminate the administrative processing of your complaint**.[26]

Although the government suggests that this language is mere boilerplate, upon which Plaintiff should not have relied, this final sentiment is reinforced elsewhere in the OFO's order, in boldface type: "**If the Complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated.**"[27]

The Code of Federal Regulations explains that a complainant "is authorized under title VII, . . . to file a civil action in an appropriate United States District Court . . . Within 90 days of receipt of the Commission's final decision on an appeal."[28] Plaintiff has done precisely this. Moreover, "[f]iling a civil action under § 1614.407 . . . shall terminate Commission processing of the appeal."[29]

Despite the government's arguments to the contrary, Plaintiff exhausted his administrative remedies. The Fort Wainwright office considered, and rejected, Plaintiff's formal complaint, and issued an opinion accordingly. Plaintiff appropriately pursued an appeal through the OFO. The OFO's decision provides guidance to the Agency on remand, but Plaintiff has the option under the CFR to take an appeal directly to the District Court.

---

[26] *Id.* at 6 (emphasis original).
[27] *Id.* at 5 (emphasis original).
[28] 29 C.F.R. § 1614.407(c).
[29] 29 C.F.R. § 1614.409.

# CONCLUSION

In light of the foregoing, the Motion to Dismiss at Docket 16 is GRANTED IN PART and DENIED IN PART. The motion is denied as to Counts I and II. Counts III, IV, V, and VI are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 2nd day of June, 2021, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*Velasco v. Whitley, et. al,*  Case No. 3:20-cv-00010-RRB
Order Regarding Motion to Dismiss  Page 7
Case 3:20-cv-00010-RRB   Document 21   Filed 06/02/21   Page 7 of 7